IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



LARRY NUELL NEATHERY, §
 §
 Petitioner, §
 §
v. § No. 4:10-CV-951-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Larry Nuell Neathery, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that petitioner is serving multiple life, and lesser, sentences for his 2006 convictions for aggravated

sexual assault of a child younger than 14 years of age, indecency with a child, sexual performance by a child, and attempted sexual assault of a child in Tarrant County, Texas. *See* The Texas Department of Criminal Justice (TDCJ), Offender Information Detail, available at www.tdcj.state.tx.us/offender_information. Petitioner appealed his convictions, but the Second Court of Appeals of Texas affirmed the trial court's judgments on August 16, 2007, and the Texas Court of Criminal Appeals refused his petitions for discretionary review on January 23, 2008. *Neathery v. State*, No. 2-06-082-CR thru 2-06-086-CR, slip op. (Tex. App.-Fort Worth Aug. 16, 2007) (not designated for publication); *Neathery v. State*, PDR Nos. 1401-07 thru 1405-07. Thereafter, on December 12, 2008, petitioner filed 25 state habeas applications, apparently one for each conviction, which remain pending at this time. This federal petition challenging his state court convictions is deemed filed on December 15, 2010.[1]

---

[1]Generally, a pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner signed his petition on December 13, 2010, and the petition was received by the clerk of court on December 15, 2010. For purposes of this habeas action, the petition is deemed filed on December 13, 2010.

2

## II. RULE 5 STATEMENT

Respondent maintains that petitioner's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c), and he moves for dismissal of the petition on exhaustion grounds. (Resp't MTD 13-15)

## III. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Communication with the Tarrant County Clerk's Office substantiates Thaler's assertion that petitioner has not exhausted his state court remedies with respect to one or more of the claims presented in this federal petition. Petitioner's state habeas actions remain pending at this time. Consequently, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of one or more of petitioner's claims. To the extent his claims have not yet been considered by the Texas Court of Criminal Appeals, the claims are unexhausted for purposes of federal habeas review.

Petitioner must first pursue his state habeas corpus remedies through completion before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed

in federal court in habeas corpus. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[3]

For the reasons discussed herein,

The court ORDERS that Thaler's Motion to Dismiss (docket entry # 24) be granted and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice on exhaustion grounds, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. It is further ORDERED that all other motions not previously ruled upon be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for

---

[3] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. See 28 U.S.C. § 2244(d)(1)-(2). Petitioner is further cautioned that if he chooses to file a petition in the future, his petition, motions and briefs must comply with the form requirements of the court. See RULES GOVERNING SECTION 2254 CASES 2(d); N.D. TEX. L. CIV. R. 5.4, 7.1, 7.2(c).

the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April **18**, 2011.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE