

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 2 2 2011

CLERK, U.S. DISTRICT COURT
by_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY NUELL NEATHERY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-951-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Larry Nuell Neathery, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I.  Factual and Procedural History

On March 7, 2006, in cause numbers 0957913R, 0957926D, 0961715D, 0961726D and 0961727D, petitioner was convicted by a jury of thirteen counts of aggravated sexual assault, nine counts

of indecency with a child, two counts of sexual performance of a child, and one count of attempted aggravated sexual assault, twenty-five convictions in all, in the Criminal District Court Number Four of Tarrant County, Texas.  (Pet. at 2)  Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused petitioner's petitions for discretionary review.  *Neathery v. State*, Nos. 2-06-082-CR through 2-06-086-CR, slip op., 2007 WL 2331004 (Tex. App.–Fort Worth Aug. 16, 2007) (not designated for publication); *Neathery v. State*, PDR Nos. 1401-07 through 1405-07.  Petitioner also filed twenty-five, state applications for writ of habeas corpus, one for each conviction, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. (State Habeas Rs. WR-73,528-02 through WR-73,528-26)[1]  This federal petition followed.

In affirming the trial court's judgments, the appellate court summarized the background of the case as follows:

> There were five complainants, B.H., C.H., M.L., C.M., and D.M., all of whom were under the age of

---

[1]Because the twenty-five state applications are virtually identical, citations to the state habeas record ("State Habeas R.") refers to the record for Case Number WR-73,528-02.

fourteen at the time of the alleged offenses. Appellant
pled not guilty to all of the charges.

Regarding B.H., the jury found Appellant guilty of
committing four counts of aggravated sexual assault and
two counts of indecency with a child and assessed
punishment at life imprisonment for one of the
aggravated sexual assault counts and ninety-nine years'
confinement for each of the other three counts, as well
as twenty years' confinement for each of the indecency
counts.

Regarding C.H., the jury found Appellant guilty of
committing seven counts of aggravated sexual assault,
two counts of indecency with a child, and one count of
sexual performance by a child and assessed punishment
at life imprisonment for the first aggravated sexual
assault count, ninety-nine years' confinement for each
of the other six counts of aggravated sexual assault,
and twenty years' confinement for each of the indecency
and sexual performance counts.

Regarding M.L., the jury found Appellant guilty of
two counts of aggravated sexual assault and four counts
of indecency with a child and assessed life
imprisonment for the first count of aggravated sexual
assault and ninety-nine years' confinement for the
second, twenty years' confinement for each of three of
the indecency counts, and ten years' confinement for
one of the indecency counts.

Regarding C.M., the jury found Appellant guilty of
one count of indecency with a child and one count of
attempted aggravated sexual assault and assessed ten
years' confinement for each count.  Regarding D.M., the
jury found Appellant guilty of committing sexual
performance by a child and assessed punishment at
twenty years' confinement.  The trial court accepted
the jury's verdicts and sentenced Appellant
accordingly.

. . .

3

All five boys testified about their interactions with Appellant, a church pastor.  M.L. was around thirteen when he made his outcry statement to his mother.  His father was Appellant's friend, and they attended Appellant's church.  C.M. was around thirteen at the time of his incident, had lived near Appellant, and had gone to Appellant's church; he came forward after M.L. made allegations against Appellant.  C.H. and B.H. are Appellant's grandsons and D.M. is Appellant's step-grandson.  Several months after M.L.'s outcry, C.H. revealed that Appellant had been sexually assaulting him and his younger brother, B.H.  Sexual assault examinations of M.L., C.H., and B.H. did not reveal any physical signs of abuse, but . . . nurse examiners testified that this was not unusal.

(State Habeas R. at 151-72)  *Neathery*, 2007 WL 2331004, at *1, 3

(citations omitted).

## II.  Issues

Petitioner's claims are multifarious and are addressed, as thoroughly as practical, under the general categories of ineffective assistance of counsel, double jeopardy, insufficiency of the evidence, unconstitutional state court decisions and jury instructions, and newly discovered evidence.  (Pet. at 6-7; Pet'r "Newly Discovered Evidence" (docket no. 17))

## III.  Rule 5 Statement

Respondent believes petitioner has failed to exhaust his state court remedies as to one or more of the claims raised as required by 28 U.S.C. § 2254(b)(1).  (Resp't Ans. at 18-22)

4

## IV.   Discussion

### A.   *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

5

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

**B.    *Ineffective Assistance of Counsel***

Petitioner claims he received ineffective assistance before,

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

during, and after trial by different court-appointed counsel. Respondent asserts many of these claims are unexhausted and procedurally barred from federal habeas review. (Resp't Ans. at 18)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner explains that "some of these grounds may have been impossible to have been presented on or about December 10, 2008 when Petitioner's original 25 state applications for art. 11.07 writs of habeas corpus were filed, because there has been a change in applicable law, U.S. Supreme Court, retroactively applied, the judgement subsequently rendered void, the record on direct appeal direct review was not sufficient to resolve the issues due to ineffective assistance of counsel or other Constitutional reasons, including but not limited to newly discovered evidence, complainants recanted their trial testimony." (Pet. at 8)   In support of the latter, he produces copies of alleged letters from A.H. and B.H. stating that B.H. lied at trial.   (Attachs. to Pet'r "Newly Discovered Evidence" (docket no. 17)); State Habeas R. at 19-27)   Additionally, he argues that all of his ineffective assistance claims, even those not raised in state court, are subsumed into the primary claim when viewing the totality of counsel's performance and that he is actually innocent "due to independent constitutional violation of ineffective assistance of counsel . . . and/or newly discovered evidence."   (Pet'r Reply)[3]

---

[3]This pleading is not paginated.

Petitioner's arguments are not persuasive; thus, to the extent his claims in this federal petition exceed the scope of the claims presented in his state habeas applications, the claims are unexhausted.   Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims.   TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4.   The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review.   *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997).   Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's ineffective-assistance claims raised for the first time in this federal petition are procedurally barred from this court's review.   *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).   As such, the discussion below applies only to the specific ineffective assistance claims raised in both petitioner's state habeas applications and in this petition.

Petitioner was represented at trial by Leon Haley and Roderick White.   (RR, vol. 2, at 16-17)   Petitioner claims trial counsel were ineffective for the following reasons:

1.   Counsel failed to introduce petitioner's polygraph test results which he passed;

2.    Counsel failed to introduce petitioner's plethysmograph and psychological test results which he passed;

3.    Counsel refused to investigate or use the court-appointed investigator;

4.    Counsel refused to investigate prior to trial;

5.    Counsel did not use DNA evidence;

6.    Counsel's voir dire of the jury was improper;

7.    Counsel failed to preserve errors in trial;

8.    Counsel refused to make objection, exceptions and requests for mistrial;

9.    Counsel did not call expert, evidentiary, alibi, rebuttal or material witnesses;

10.   Counsel did not cross-examine alleged victims and witnesses properly; and

11.   Counsel failed to use exculpatory evidence.

(Pet. at 7; State Habeas R. at 7, 71-72)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.  U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*.  Under the *Strickland* standard, to establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for

counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

Petitioner raised his ineffective assistance claims, enumerated above, in his state habeas applications, and the state habeas judge, who also presided over petitioner's trial, conducted a hearing by affidavit, wherein counsel Haley responded, in relevant part:

> In response to Mr. Larry Nuell Neathery's Writ of Habeas Corpus alleging ineffective assistance of counsel by trial counsel Leon Haley, Jr., I submit the

following:

     1)   He contends that I was ineffective due to the fact that he passed a polygraph examine [sic]. Polygraph examines [sic] are not admissible in court. He complains that he passed the Plethysmograph Test, which was not admissible in court[,] and that he passed the 1,500 question physiological test, which is not admissible in court. He contends that I would not introduce these results at trial.  They were not admissible.

     He intends [sic] that I did not investigate the case or use a court appointed investigator, [however] the case was investigated thoroughly by me and a private investigator just was not needed.

     DNA evidence was not relevant to this case.

    .  .  .

     My opening and closing remarks and voir dire was appropriate based upon the evidence.

     Counsel objected when necessary and preserved error for appeal as counsel understood the law.

     There was no need for experts, evidence was submitted to defense in advance to trial, client never raised issue of alibi and all evidence was either rebutted and all material witnesses if were needed were called.

     Exculpatory and any other evidence that needed to question client's guilt was submitted in trial through cross examination of witnesses.

    .  .  .

     3)   He complains of the Jury instructions; however all challenges that were necessary pertaining to the jury instructions was lodged by the defense.

. . .

> 5)   Client submits recantation letters and private investigator[']s letter, however, with regard to the private investigator; client had other counsel prior to me.  Whatever that counsel and he did, that was between them, when I was asked to assist client in defense all the necessary evidence, investigation and concerns that he had, I addressed those with him prior to trial.  There was nothing that I was aware [of] that the private investigator could have addressed that I did not.

> 6)   With regard to the recantation letters our defense [was] that the children were not telling the truth and that one group was being influenced by the other group.  We contended that other kids were being intimated [sic] by other kids.  Based upon the recantation letters it appears that Mr. Neathery may need to seek a Motion for New Trial with the appropriate court based upon newly discovered evidence "perjury testimony".

(State Habeas R. at 68-69)

The state habeas judge, who also presided over the trial, entered findings of fact based upon counsel's affidavit, the record, and/or petitioner's failure to allege with specificity the basis of his claims or present evidence in support of the claims.  (*Id.* at 72-76)  Based on those findings, and applying the *Strickland* standard, the court concluded petitioner had failed to prove he received ineffective of trial counsel or that but for counsel's alleged acts or omissions, the result of his trial would have been different.  (*Id.* at 78-82)  In turn, the

Texas Court of Criminal Appeals denied the application without written order on the trial court's findings, which was an adjudication of the claims on the merits.  (State Habeas R. at cover, 71-85, 144)

Petitioner has presented no argument or evidence in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court.  28 U.S.C. § 2254(d). Overall, trial counsel devised a viable defense, adopted and argued pretrial motions, conducted voir dire, gave opening and closing arguments, made meritorious objections and motions during trial, and cross-examined state witnesses.  (RR, vol. 2, at 5-15; RR, vol. 3, at 85-150; RR, vol. 4, at 33-39; RR, vol. 8, at 91-110; RR, vol. 9, at 78-84)  Even if petitioner could demonstrate deficient performance, the right to counsel does not require errorless counsel.  *Johnson v. Estelle*, 704 F.2d 232, 239 (5th Cir. 1983).  A petitioner is required to demonstrate that counsel's performance, in light of the entire proceeding, was so inadequate as to render his trial unfair.  *Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981).  Having reviewed the entirety of the record, counsel's performance was not outside the wide range of professionally

14

competent assistance, and petitioner has failed to show that but for counsel's acts or omissions, he would have been acquitted of the charges or that his sentences would have been significantly less harsh. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

## (C) Double Jeopardy

Petitioner claims multiple double jeopardy violations occurred at trial, as well as other claims not raised in state court. (Pet. at 6)   The Double Jeopardy Clause is meant to protect against both multiple prosecutions and, relevant here, multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161,165 (1977).   Where the same act constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).   In other words, where the question of multiplicity arises, the question becomes whether separate and distinct prohibited acts, made punishable by law, have been committed.

In petitioner's state habeas applications, he argued his convictions were in violation of his right against double jeopardy because he was tried in five cases at the same time with

the alleged crimes and victims "overlapping and intermingling to where a fair trial was impossible." (State Habeas R. at 8) The appellate court addressed the issue as follows:

> The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. As it pertains to Appellant's complaint, this clause protects against multiple punishments for the same offense. Generally, constitutional errors are forfeited by the failure to object at trial.
>
> Appellant asserts that "[t]he only consistent matter herein is that there was one incident" and that the State took one assault and made it into three offenses through "stop action" prosecution, in violation of *Patterson v. State.* He also asserts that conviction here could only be upon a single count per complainant, "regardless of which indictment is considered." Because his indictment for sexual performance by a child with D.M. involved only a single count, we infer that Appellant does not include this conviction in point three.
>
> Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. At trial, Appellant presented no objections to the jury charge. An appellant is excused from the preservation requirement when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests.
>
> The record reflects that, with regard to B.H., Appellant was indicted for seven separate offenses.[FN7] Count one charged that on or about July 13, 2003, Appellant caused the penetration of B.H.'s mouth with his sexual organ and count two charged that, on or about the same date, Appellant caused B.H.'s sexual organ to contact Appellant's mouth. Count three

16

charged that on or about January 13, 2003, Appellant
caused B.H.'s mouth to contact C.H.'s sexual organ.
Count four charged that on or about July 13, 2003,
Appellant caused B.H.'s sexual organ to contact C.H.'s
mouth.   Count six charged that on or about July 13,
2003, Appellant touched B.H.'s genitals, and count
seven charged that on or about that same date,
Appellant caused B.H. to touch Appellant's genitals.
B.H. was eight at trial and testified that Appellant
began abusing him when he was five years old, starting
with touching him under his underwear at church and at
Appellant's house, and that this happened more than ten
times.   With regard to Appellant making B.H. touch his
genitals, B.H. testified that Appellant would make B.H.
rub Appellant's penis and that it happened at the
house.   B.H. testified that this, and the behavior in
the aggravated sexual assault counts discussed in our
review of legal and factual sufficiency above, occurred
"a whole lot of times" at the church and also occurred
at the house.

> FN7.   Count five, alleging that on or around
> July 13, 2003, Appellant induced B.H. into
> sexual performance, was abandoned.

It is well settled that the "on or about" language
of an indictment allows the State to prove a date other
than the one alleged in the indictment as long as the
date is prior to the presentation of the indictment and
not so remote that prosecution is barred by the statute
of limitations.   Here, B.H.'s testimony described acts
supporting each charge occurring prior to the
presentation of the indictment[FN8] and within the
applicable statute of limitations period.[FN9]   Thus, we
find no double jeopardy violation apparent on the face
of the record.   Appellant has therefore failed to meet
the first prong of the exception to the preservation
requirement set forth by *Gonzalez*.   Accordingly, we
hold that Appellant failed to preserve this double
jeopardy claim for our review. . . .

> FN8.   We come to this conclusion based on the
> date of the presentation of the indictment,

January 28, 2005, and B.H.'s testimony that
he was born in 1997 and the offenses occurred
when he was about five years old.

FN9.  The limitations period for indecency
with a child and aggravated sexual assault is
ten years from the complainant's eighteenth
birthday.

Applying the same analysis to the counts
pertaining to C.H. and M .L., we reach the same
conclusion, with the exception of the indecency count
involving Appellant's contact with M.L.'s anus.
Appellant was indicted for ten separate offenses with
regard to C.H.  Count one charged that on or about
January 11, 1998, Appellant caused C.H.'s anus to
contact Appellant's penis and count two charged that
Appellant caused C.H.'s sexual organ to contact
Appellant's anus on or about the same date.  Count
three charged that on or about January 11, 1998,
Appellant caused the penetration of C.H.'s mouth with
Appellant's sexual organ and count four charged that
Appellant caused C.H.'s sexual organ to contact
Appellant's mouth on or about the same date.

Count five charged that on or about January 11,
1998, Appellant caused C.H.'s anus to contact
Appellant's mouth.  Count six charged that on or about
January 11, 1998, Appellant caused C.H.'s sexual organ
to contact B.H.'s mouth and count seven charged that
Appellant caused C.H.'s mouth to contact B.H.'s sexual
organ on or about that same date.[FN10]  Counts eight and
nine involved indecency with a child by sexual contact,
with C.H. touching Appellant's genitals and Appellant
touching C.H.'s genitals, both alleged on or about
January 11, 1998, and count ten involved the sexual
performance by a child alleged to have occurred on or
about January 11, 1998.  During his testimony, as
discussed above with regard to legal and factual
sufficiency, C.H. described acts supporting each of
these charges as occurring prior to the presentation of
the indictment[FN11] and within the applicable statute of
limitations period. . . .

FN10.  C.H. testified that Appellant told him
"to suck [B.H.'s] penis and told [B.H.] to
suck [C.H.'s]" and that, ultimately, he had
to put his mouth on B.H.'s penis "once or
twice" and that B.H. put his mouth on C.H.'s
penis "about once or twice."  Desmarais
testified that C.H. told her that Appellant
"would make [C.H.] and his brother suck on
each other's penis, but that he never did it.
He said his brother did suck on his penis a
couple of times."  As long as the jury found
that C.H. put his mouth on B.H.'s penis twice
and B.H. put his mouth on C.H.'s penis twice,
this testimony was legally sufficient to
support all four charges-two pertaining to
C.H. and two pertaining to B.H.

FN11.  The indictment was presented on
January 28, 2005. C.H. testified that he was
born in 1993 and that the offenses began when
he was about five or six years old.

With regard to M.L., count one charged that on or
about March 15, 2004, Appellant caused M.L.'s sexual
organ to penetrate Appellant's mouth and count three
charged that on or about the same date, Appellant
caused the penetration of M.L.'s anus with Appellant's
finger.[FN12]  M.L. provided testimony that supported both
of these convictions, testifying that on three separate
occasions, Appellant put M.L.'s penis in Appellant's
mouth and sucked on it, and, that when M.L. spent the
night at Appellant's house during spring break,
Appellant digitally penetrated M.L.'s anus.  Caldwell's
testimony also supported the conviction for digital
penetration.

FN12.  Count two, alleging that Appellant
committed aggravated sexual assault by
causing M.L.'s anus to contact Appellant's
penis, was abandoned.

However, count four, the first indecency count,

19

charged that on or about March 15, 2004, Appellant
engaged in sexual contact by touching M.L.'s anus.  The
testimony pertaining to Appellant touching M.L.'s anus
is also the same testimony that supports his conviction
for aggravated sexual assault by digital penetration –
a single incident.  Therefore, the indecency conviction
should properly have been subsumed in the aggravated
sexual assault conviction.[FN13]  This error is apparent
on the face of the record and the trial court knew or
should have known of the problem. The proper remedy
here is to modify the judgment by vacating the lesser
conviction and sentence.  Accordingly, we will modify
the judgment in cause number 02-06-086-CR by vacating
the conviction of indecency with a child by touching
M.L.'s anus and the sentence of twenty years'
confinement, but affirm the conviction for aggravated
sexual assault for the same incident.

> FN13.  In a case in which the evidence raises
> the issue of the defendant's intent to arouse
> or gratify his sexual desire in the course of
> committing the penetration element of sexual
> assault, the court should submit to the jury
> the offense of indecency with a child as a
> lesser-included alternative to the offense of
> sexual assault.  In *Ochoa*, the defendant was
> convicted of aggravated sexual assault of a
> child and indecency with a child with both
> charges arising from a single act.  *Id.*  When
> the evidence at trial shows that only one
> offense was committed, the State may not seek
> conviction for two offenses.

Count five charged that on or about March 15,
2004, Appellant touched M.L.'s genitals and count six
charged that on or about that same date, Appellant
exposed his penis to M.L.  Count seven charged that on
or about November 30, 2004, Appellant touched M.L.'s
genitals.  Because M.L.'s testimony that there were
four separate incidents, three of which involved
Appellant touching M.L.'s genitals and exposing his
penis to M.L., supported these other indecency counts
as occurring prior to the presentation of the

indictment[FN14] and within the applicable statute of
limitations period, we conclude that Appellant failed
to preserve error with regard to these remaining
counts.

> FN14.  The indictment was initially presented
> on June 24, 2004, and then refiled on January
> 28, 2005.  M.L.'s mother testified that M.L.
> was born in 1991, and M.L. testified that the
> offenses began when he was around eleven
> years old.

With regard to C.M., count one charged Appellant
with indecency by exposing his penis to C.M. on or
about January 31, 2002, and count two charged that, on
or about the same date, Appellant attempted to commit
sexual assault by asking C.M. if he had ever sucked
anyone's penis and exposing his penis to him with the
specific intent to commit the offense of sexual assault
of a child.  The testimony pertaining to the indecency
by exposure count is also the same testimony that
supports Appellant's conviction for attempted
aggravated sexual assault-a single incident and action
by Appellant.[FN15]  Therefore, the indecency conviction
should properly have been subsumed in the attempted
aggravated sexual assault conviction.  This error is
apparent on the face of the record and the trial court
knew or should have known of the problem.  The proper
remedy here is to modify the judgment by vacating the
lesser conviction and sentence. Accordingly, we will
modify the judgment in cause number 02-06-085-CR by
vacating the conviction for indecency with a child by
exposure and the sentence of ten years' confinement,
but affirm the conviction for attempted aggravated
sexual assault for the same incident.

> FN15.  C.M. testified that when he was around
> thirteen, Appellant asked if he had ever been
> "jacked off," asked him if he "would like to
> suck [Appellant's] dick," and pulled
> Appellant's erect penis from his pants.

(State Habeas R. at 173-82)  *Neathery*, 2007 WL 2331004, at *10-13

(citations omitted)

Petitioner has not demonstrated that the state court acted unreasonably or contrary to clearly established federal law in its adjudication of his double jeopardy claim.  As to the claims procedurally defaulted, Texas's contemporaneous objection rule is an adequate and independent state procedural bar to federal habeas review.  *Rowell v. Dretke*, 398 F.3d 370, 375 (5th Cir. 2005); *Graves v. Cockrell*, 351 F.3d 143, 152 (5th Cir. 2003).

**(D)   *Insufficiency of the Evidence***

Petitioner claims the evidence was legally and factually insufficient to support his convictions, in light of the contradictory testimony of the victims, the lack of any physical evidence, and his testimony against that of the victims.  (Pet. at 7)  Although petitioner challenged both the legal and factual sufficiency of the evidence on direct appeal, he did not include the claim in his petition for discretionary review.  Instead, the claim was presented, in the context of a "jury instruction" claim, to the Texas Court of Criminal Appeals for the first time in petitioner's application for state habeas relief.  (State Habeas R. at 9, 77, 84-85)

Respondent asserts petitioner has procedurally defaulted any claim that the evidence is insufficient by not raising his

22

complaint in his petition for discretionary review.  (Resp't Ans at 57)  Texas state procedural rules require insufficiency claims to be raised on direct appeal, and such claims may not be brought in a state application for writ of habeas corpus.  *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Clark v. Texas,* 788 F.2d 309, 310 (5th Cir. 1986).  The Texas Court of Criminal Appeals has confirmed that when a state habeas applicant challenges the sufficiency of the evidence in a state habeas application, and it subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable.  *See Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  In these circumstances, reliance on the procedural default by the state court is established and presents an adequate state procedural ground barring federal habeas review.  *Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991).

Even if petitioner's claim were not barred, it is without merit.  A claim challenging the factual sufficiency of the evidence is not cognizable on federal habeas review.  For purposes of federal habeas corpus review, a state conviction need only satisfy the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *See Ramirez v. Dretke*, 398 F.3d

691, 694 (5th Cir. 2005). The inquiry in a legal-sufficiency
analysis requires only that a reviewing court determine whether,
after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.
*Jackson*, 443 U.S. at 319. In conducting a *Jackson* review, a
federal habeas court may not substitute its view of the evidence
for that of the fact finder, but must consider all of the
evidence in the light most favorable to the prosecution. *See
Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). Where a
state appellate court has conducted a thoughtful review of the
evidence, as in this case, its determination is entitled to great
deference. *See Callins v. Collins*, 998 F.2d 269, 276 (5th Cir.
1993).

Based on the evidence adduced at trial, the state appellate
court, applying the *Jackson* standard, held the evidence was
legally sufficient to support the jury's guilty verdicts on all
counts against petitioner. (State Habeas R. at 152-72) The
state court's adjudication of the claim is not contrary to, or an
unreasonable application of, *Jackson* nor is it based on an
unreasonable determination of the facts in light of the evidence
presented in the state court. Thus, the state court's

determination is entitled to the appropriate deference and the

presumption of correctness.  It is the jury's unique role to

judge the credibility of witnesses, evaluate witnesses' demeanor,

resolve conflicts in testimony, and weigh evidence in drawing

inferences from the facts.  *Tibbs v. Florida*, 457 U.S. 31, 45

n.21 (1982); *United States v. Millsaps*, 157 F.3d 989, 994 (5th

Cir. 2009).  Having conducted an independent inquiry as to

sufficiency under the *Jackson* standard, the state court's

disposition of the legal sufficiency-of-the-evidence claim

appears consistent with *Jackson*.

**(E)  *Unconstitutional State Court Decisions and Jury Instructions***

Petitioner's claims under this category are vague and

conclusory.  Without citation to authority or any evidentiary

basis, petitioner states his claims as follows:

> The highest Court of Criminal Appeals of Texas at
> Austin's decisions in Petitioner's petition for
> discretionary review and writ of mandamus are
> unconstitutional, the Texas court-appointed attorney
> system/procedures for indigent defendants are
> unconstitutional, the Texas Penal Code, Code of
> Criminal Procedure, Rules of Evidence are
> unconstitutional, the state Court of Appeals, Second
> District of Texas, Fort Worth's decisions in
> Petitioner's direct review appeal are unconstitutional,
> the State of Texas law that allowed Judge Michael
> (Mike) Thomas' [sic] that the state only had to prove
> that petitioner committed the 25 crimes AT ANY TIME
> prior to January 28, 2005 - jury instruction is
> unconstitutional in that it changed the punishments and

inflicted greater punishments than the laws attached to
the criminal offenses when allegedly committed,
deprived petitioner of any defense available at the
time the alleged crimes were committed and altered the
rules of evidence to receive less or different
testimony than the laws and the U. S. Constitution
required at the time of the alleged commissions of the
25 offenses and at the time of trial in order to
convict/punish Petitioner.  Prosecutor told the jury
that petitioner committed these 25 offenses over <u>35</u>
year period.

(Pet. at 7) (citations to the record omitted)

Mere conclusory allegations are insufficient to raise a

constitutional issue in a habeas proceeding.  *See Ross v.*

*Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).  Furthermore, to

the extent petitioner's claims exceed the scope of the claims

presented in state court, the claims are unexhausted.  Under the

Texas abuse-of-the-writ doctrine, however, petitioner cannot now

return to state court for purposes of exhausting the claims.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4.  The abuse-of-the-writ

doctrine represents an adequate state procedural bar to federal

habeas review.  *See Nobles,* 127 F.3d at 423.  Therefore, absent a

showing of cause and prejudice or a miscarriage of justice, such

showing not having been demonstrated, petitioner's claims raised

for the first time in this federal petition are procedurally

barred from this court's review.  *See Smith*, 216 F.3d at 523-24.

**(F)  *Newly Discovered Evidence***

Petitioner claims newly discovered evidence, in the form of letters sent to him in 2008 by A.H., his granddaughter, and B.H., in which they claim B.H. was lying at trial, establish his innocence.  (State Habeas R. at 19-27, 75-76)  These letters, however, were subsequently discredited by a state investigator during the course of the state habeas proceedings.  (*Id*. at 87-91)

**(G)  *Evidentiary Hearing***

Petitioner's claims were adjudicated on the merits in state court, and he has failed to overcome the limitation of § 2254(d)(1) on the record that was before the state court.  *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398-1401 (2011).  Thus, no evidentiary hearing is warranted.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a

constitutional right.

 SIGNED September __22__, 2011.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE