IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY NUELL NEATHERY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-951-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION ON REMAND
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Larry Nuell Neathery, a state prisoner, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent.

### I. Factual and Procedural History

This court set out the procedural history of this case in its September 22, 2011, Memorandum Opinion and Order as follows:

> On March 7, 2006, in cause numbers 0957913R, 0957926D, 0961715D, 0961726D and 0961727D, petitioner was convicted by a jury of thirteen counts of aggravated sexual assault, nine counts of indecency with a child, two counts of sexual performance of a child, and one count of attempted aggravated sexual assault, twenty-five convictions in all, in the Criminal District Court Number Four of Tarrant County,

> Texas. Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused petitioner's petitions for discretionary review. Petitioner also filed twenty-five state applications for writ of habeas corpus, one for each conviction, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. This federal petition followed.

Mem. Op. and J. 1-2, ECF No. 49 (citations omitted). The offenses involved five complainants, B.H., C.H., M.L., C.M., and D.M., all of whom were under the age of fourteen at the time of the alleged offenses. *Id.* 2-3.

Petitioner's claims were addressed by this court under the general categories of ineffective assistance of counsel, double jeopardy, insufficiency of the evidence, unconstitutional state court decisions and jury instructions, and newly discovered evidence. *Id.* 4. This court determined that petitioner's ineffective assistance claims raised for the first time in his federal petition were procedurally barred and proceeded to consider only those ineffective assistance claims raised in both petitioner's state habeas applications and his federal petition. *Id.* 6-15. On January 13, 2014, the Supreme Court granted petitioner's petition for writ of certiorari and remanded the case to the Fifth Circuit for further consideration in light of

its decision in *Trevino v. Thaler*, 569 U.S. —, 133 S. Ct. 1911 (2013). Order 1, ECF No. 76.

## II. Discussion

It has long been established that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred *unless the prisoner can demonstrate cause for the default* and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added).

In addressing the "cause" prong for overcoming procedural default, *Coleman* held that the ineffectiveness of state habeas counsel could not constitute such cause. *Id.* at 752-53. However, in *Martinez v. Ryan*, the Supreme Court recognized an exception to *Coleman*, holding that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. To succeed in establishing cause, a petitioner must show (1) that his claim of ineffective assistance

3

of counsel at trial is substantial—*i.e.*, has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding. *Id.* at 1318.

In *Trevino*, the Supreme Court extended *Martinez* to Texas state prisoners, holding that, although Texas does not preclude prisoners from raising ineffective assistance of trial counsel claims on direct appeal, the rule of *Martinez* nevertheless applies because "the Texas procedural system-as a matter of its structure, design, and operation-does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. at 1921.

In light of this new rule, on March 26, 2014, the Fifth Circuit remanded the case to this court for reconsideration of petitioner's previously procedurally barred ineffective assistance claims in light of *Trevino*. The Fifth Circuit noted "that, under *Trevino*, it may be possible for the district court to hear at least some of Neathery's claims of ineffective assistance of trial counsel which would otherwise be procedurally defaulted, to the extent Neathery either lacked counsel or had ineffective counsel in his initial collateral review proceeding

4

in state court." Op. Order of USCA 3, ECF No. 80. Toward that end, the Fifth Circuit instructs the court to "(1) determine which, if any, of Neathery's ineffective assistance of trial counsel claims are preserved because he alleged that he either lacked counsel or had ineffective counsel in his initial collateral review proceeding in state court; and (2) determine the merits of any preserved claims." Id. This opinion on remand is limited to consideration of those issues only.[1]

Petitioner was unrepresented in his state habeas proceedings. It is necessary then to first attempt to discern which, if any, of his ineffective assistance of counsel claims he asserted for the first time in his federal habeas petition and were previously held to be procedurally barred. This is a tall order as petitioner asserts a virtual glut of such claims. Nevertheless, an effort is made to do so, limited to petitioner's federal petition and memorandum in support thereof. Pet., ECF

---

[1] To the extent petitioner attempts to raise new ineffective assistance claims, factual allegations, and/or new legal theories on remand, the claims are waived. The "mandate rule" prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand. *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006); *United States v. Becerra*, 155 F.3d 740, 754 (5th Cir. 1998).

5

No. 4; Pet'r's Untitled Pleading, ECF No. 5.[2]

Petitioner asserts he was represented prior to and during the grand jury proceedings by J. Don Carter, prior to trial by Tiffany L. Lewis, at trial by Leon Haley Jr. and Roderick C. White, and after trial by Richard Alley. Pet. 11-12, 14, 16, 18, 20, ECF No. 4. Under Ground One of his federal petition, petitioner raises the following ineffective assistance claims:

> **GROUND ONE:** Ineffective assistance of the <u>five</u> defense attorneys prior to and during the three Grand Jury proceedings, prior to and during the pretrial preliminary hearing, prior to and during the voir dire jury selection, prior to and during the jury trial, and prior to and during the direct appeal. And attorney for the defense, Mr. Richard Alley . . . <u>willfully</u> sabotaged the Petition for Discretionary Review to <u>harm</u> Petitioner.
>
> Supporting facts . . . : No factual/legal defense independent investigation. No trial preparation legally or factually. No timely, correct objections, exceptions to court rulings. No mistrial requests. No errors preserved for appeal. No burden of proof or limiting instructions timely, correct requests at time of admission of extraneous offenses. No timely, correct requests for limiting instructions to evidence admissible to one party or one purpose but not for another party or another purpose. Trial defense counsel waived defense motions and the hearsay rule to harm Petitioner. During direct and cross-examination

---

[2] To the extent petitioner raised additional claims in his reply brief without leave of court after the state filed its answer, the claims were not properly before the court and are not considered. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

> trial defense counsel destroyed Petitioner's credibility in the presence of the jury causing the 25 convictions/punishments. Counsel failed to present exculpatory evidence to the jury. Defense counsel presented evidence to the jury that incriminated Petitioner. Counsel failed to present alibi, rebuttal, impeachment, evidentiary, material, private investigator and expert witnesses for the defense to the jury which would have resulted in a NOT guilty verdict.

Pet. 11, ECF No. 4.[3]

In various inserted and attached pages to his petition and/or in his memorandum, petitioner also claims J. Don Carter, who preceded Haley and White, was ineffective by failing to obtain the constitutionally required examining trial before the grand jury proceedings, failing to present the videotapes of the interviews and re-interviews of the victims, failing to call witnesses on his behalf before the grand jury, failing to challenge the grand jury array before the grand jury was empaneled, bribing the trial court judge, and failing to return exculpatory evidence to him. Pet. 16, 18, ECF No. 4. Petitioner claims Tiffany L. Lewis, who also preceded Haley and White, was ineffective by "suddenly and mysteriously" disappearing before the pretrial hearing without withdrawing as a matter of record,

---

[3]Because petitioner includes various inserted and/or added pages to the petition, pagination in the ECF header is followed.

causing the loss of additional exculpatory evidence, refusing to give the investigator any information or direction so an investigation could be conducted, bribing the trial court judge, and failing to file motions to dismiss the prosecution due to "unconstitutionally empaneled grand juries and multiplicitous double jeopardy violating indictments." *Id.* 18.

In addition to those claims previously considered by the court, petitioner also claims Haley and White were ineffective by "<u>incompetently</u> withdrawing, waiving, abandoning, ignoring and failing to re-urge, argue or submit" motions for court-appointed expert witnesses and a private investigator, failing to file motions in limine, to suppress illegal photographic evidence and extraneous offense evidence, failing to file a motion "requesting the trial court to order the state prosecutors to expressly articulate the specific purposes for each and every extraneous crime, wrong, act that was <u>not</u> included within the charged offenses in the five indictments, <u>25</u> counts in this petitioner's case prior to introduction and admission in the presence of the jury . . .," withdrawing a motion to sever the offenses causing "the jury to be exposed to the <u>appearance</u> of overwhelming evidence" against him, failing to warn him "about the critical, crucial and highly significant dangers of trying all <u>four</u>

8

different types of felony offenses simultaneously with only <u>one</u> jury," acting as an "auxiliary prosecutor" by coercing, "after much <u>illegal</u> coaching, manipulating and persuading," one of the victims into falsely accusing him, presenting incriminating evidence against him, badgering, belittling and compelling him to be a witness against himself, failing to request lesser-included-offense instructions, objecting to the double jeopardy violations, and failing to request the trial court order the state to make an election as to which offense(s) it would rely upon for conviction. Pet'r's Mem. 3-13, ECF No. 5.

Finally, petitioner also claims that appellate counsel Richard Alley was ineffective by "<u>willfully</u> sabotag[ing] the petition for discretionary review to <u>harm</u>" him. Pet. 11, ECF. No. 4. More specifically, petitioner claims Alley was ineffective by failing to present issues on appeal regarding his "ineffective assistance of trial counsel errors" and trial court error, filing a frivolous motion for new trial, and failing to conform to common appellate rules for presenting issues or explain his failure to do so. Pet'r's Untitled Pleading, 14, ECF No. 5.

Although these claims previously considered procedurally barred may be preserved for review under *Trevino*, the claims are

9

wholly conclusory and, thus, insufficient to entitle petitioner to relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Petitioner has not made a substantial showing that he was denied effective assistance of counsel within the requirement of *Martinez* and *Trevino*.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and any pending motions not previously ruled upon, be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April 18, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE